# EXHIBIT B

## Richards Declaration

(See Attached)

KELLER BENVENUTTI KIM LLP
425 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105

**KELLER BENVENUTTI KIM LLP**
JEREMY V. RICHARDS (Cal. Bar No. 102300)
(jrichards@kbkllp.com)
TRACI SHAFROTH (Cal. Bar. No. 251673)
(tshafroth@kbkllp.com)
TYLER DAVIS (Cal. Bar No. 338117)
tdavis@kbkllp.com
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Proposed Attorneys for Debtor and Debtor in Possession*

**KELLER BENVENUTTI KIM LLP**
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>315 South Beverly Drive, LLC,<br><br>Debtor. | Case No. 2:26-bk-20221 (BB)<br><br>Chapter 11<br><br>**DECLARATION OF JEREMY V. RICHARDS IN SUPPORT OF DEBTOR'S APPLICATION FOR ORDER AUTHORIZING THE RETENTION OF KELLER BENVENUTTI KIM LLP AS DEBTOR'S GENERAL BANKRUPTCY COUNSEL EFFECTIVE AS OF THE PETITION DATE**<br><br>[No Hearing Requested] |

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

I, Jeremy V. Richards, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney licensed to practice in the State of California and admitted to practice before this Court. I am of counsel of the firm Keller Benvenutti Kim LLP ("KBK" or the "Firm"), proposed general bankruptcy counsel to 315 South Beverly Drive, LLC, (the "Debtor"), the debtor and debtor in possession in this chapter 11 case (the "Chapter 11 Case").

2. I submit this declaration in support of the *Application for Order Authorizing Retention of Keller Benvenutti Kim LLP as Debtor's General Bankruptcy Counsel, Effective as of the Petition Date* (the "Application").[1]

3. The facts set forth in this declaration are personally known to me, and, if called as a witness, I could and would competently testify thereto.

4. The Debtor has retained KBK as its general bankruptcy counsel in this Chapter 11 Case, subject to approval of the Court. KBK is a law firm practicing in the areas of bankruptcy and restructuring with a thorough understanding of local practices and precedent. The attorneys at KBK have served as counsel to debtors, creditors, and creditors' committees throughout the nation and expect to be familiar with and/or able to represent the Debtor competently in virtually all aspects that may arise in this Chapter 11 Case.

5. KBK will charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect as of January 1, 2026, as revised from time to time. KBK's hourly fees are competitive with those charged by attorneys of similar experience for engagements of scope and complexity similar to this Chapter 11 Case. KBK will also seek reimbursement of actual and necessary out-of-pocket expenses in accordance with regular KBK policies. KBK's disbursement policies pass through all out-of-pocket expenses at actual cost, or at estimated actual cost when the actual cost is difficult to determine. These expenses include photocopying, express or overnight delivery charges, facsimiles, toll calls, overtime meals, computerized research, deliveries, court costs, transcript fees, travel, clerk fees, certain secretarial and other overtime expenses, and other expenses.

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

6. The attorneys and legal professionals that I anticipate will or may work on this matter, and their current hourly rates, are as follows:

Traci Shafroth (Partner): $925
Jeremy Richards (Of Counsel): $1,000
Tyler Davis (Associate): $625
Marian Walker (Paralegal Trainee): $350
Alexander Hahn (Paralegal Trainee): $350
Derya Hanusz-Soguk (Paralegal Trainee): $350

KBK reserves the right to involve other attorneys at their respective rates, which range from $825 to $1,200 per hour for partners and $525 to $725 per hour for of counsel and associate attorneys. The foregoing rates are the normal billing rates charged by KBK for each respective attorney in both bankruptcy and non-bankruptcy matters.

7. KBK will maintain detailed, contemporaneous time records in six-minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Local Guidelines, the Fee Guidelines, and any additional procedures that may be established by the Court in this Chapter 11 Case. KBK has agreed to accept as compensation and reimbursement such sums as may be allowed by the Court. In this regard, KBK may apply to the Court to authorize an interim fee allowance procedure that will permit provisional monthly payment of a substantial portion of its fees and expenses, after notice but without a hearing. KBK understands that interim and final fee awards are subject to approval by this Court.

8. KBK compiled a list of the key parties in interest in this Case, a copy of which is attached hereto as **Exhibit 1**.

9. To check and clear potential conflicts of interest in this case, as well as to identify all "connections" (as such term is used in Bankruptcy Rule 2014) to the Debtor, their creditors, other parties in interest, their respective attorneys and accountants, the Office of the United States Trustee for the Central District of California (the "U.S. Trustee"), any person employed in the office of the U.S. Trustee, the lawyers at KBK each reviewed Exhibit 1 to determine whether they have or had any relationships with any entity represented thereon.

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

10. After diligent inquiry, I have ascertained (a) no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by section 1107(b) and Bankruptcy Rule 2014(a), between KBK and any party in interest in this Chapter 11 Case, including with the Debtor, their creditors, the U.S. Trustee, any person employed at the U.S. Trustee, or any other party with an actual or potential interest in this Chapter 11 Case or their respective attorneys or accountants; (b) KBK is not a creditor, equity security holder, or insider of the Debtor; (c) none of KBK's lawyers is, or was within two years of the Petition Date, a director, officer, or employee of the Debtor; and (d) KBK neither holds nor represents an interest adverse to the Debtor, their estate, or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. For the foregoing reasons, KBK is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code.

11. On October 1, 2026, KBK was initially retained by the Debtor for the purpose of assessing the Debtor's circumstances and evaluating its options while a trial regarding the Debtor's lease interest was pending. The engagement letter, dated October 26, 2026, which governs KBK's representation of the Debtor in the Chapter 11 Case, is attached hereto as **Exhibit 2** (the "Engagement Letter"), and replaces and supersedes the engagement letter entered by the parties on October 1, 2026.

12. KBK received a payment in the amount of $75,000.00 from the Debtor on or about October 2, 2026, and another payment of $325,000.00 on October 8, 2026 (prior to filing the Chapter 11 Case), as a retainer (collectively, the "Retainer") in connection with KBK's prepetition services, and for the reimbursement of reasonable and necessary expenses incurred in connection therewith.

13. Prior to the commencement of the Chapter 11 Case, the Debtor authorized, and KBK made, withdrawals from the retainer in the aggregate amount of $60,065.00 on account of fees and expenses through the Petition Date.

14. I will amend or supplement this declaration to the extent I learn that (a) any of the within representations are incorrect or (b) there is any change of circumstances relating thereto.

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 26th day of October 2026, in Los Angeles, California.

Jeremy V. Richards

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

**EXHIBIT 1**

**Conflicts Checklist**

(See attached)

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

# Conflicts Checklist

**Debtor**

315 South Beverly Drive, LLC

**Bankruptcy Judges & Staff Central District of California Bankruptcy**

Chief Judge Julia W. Brand
Judge Martin R. Barash
Judge Neil W. Bason
Judge Edward K. Bernatavicius
Judge Scott C. Clarkson
Judge Ronald A. Clifford III
Judge Mark D. Houle
Judge Victoria S. Kaufman
Judge Sandra R. Klein
Judge Robert N. Kwan
Judge Geraldine Mund
Judge Sheri Bluebond
Judge Misty Perry Isaacson
Judge Magdalena Reyes Bordeaux
Judge Barry Russell
Judge Deborah J. Saltzman
Judge Erithe A. Smith
Judge Scott H. Yun
Judge Gregg W. Zive
Judge P. Zurzolo

**Office of the United States Trustee**

David Samuel Shevitz
Abram S. Feuerstein
Jase Kochan

**Lenders**

Beverly Drive Holdings, LLC

**Bank Account**

Axos Bank

**Members/Interest Holders**

315 South Beverly Holdings, LLC
Richard Ackerman
AZ 315 Beverly, LLC
Fides Partners, LLC
ALDA Capital, LLC
AZ Property Partners, LLC

**Top Creditors**

LoanCore Capital Credit REIT, LLC
Diversified Thermal Services
Phil Goodlett, et al.
Lucky Town Associates Inc
SSA Construction
Southern California Edison
CNA Paramount Insurance
Premier Property Preservation LLC
City of Beverly Hills
Kone Inc.
Momar Inc
AT&T
Orkin Services of California, Inc
SoCal Gas (The Gas Company)
Tell Us Call Center Inc

**Litigation Parties**

315 South Beverly Lessor, LLC
PM2 Consulting Inc.
Regal Building Service Inc.
Playa Building Services Inc.
Commercial Asset Group

**Insurance Companies**

Transportation Insurance Company
Edgewood Partners Insurance Center
The Continental Insurance Company

**Taxing Authorities**

Delaware Secretary of State
California Secretary of State
California Franchise Tax Board
Los Angeles County Tax Collector
City of Beverly Hills Business Tax Division

**Related Professionals**

Keller Benvenutti Kim LLP
Smith, Gambrell & Russell, LLP
Baker Tilly Advisory Group, LP
Berkowitz Pollack Brant Advisors + CPAs
Sabel Law APC
Greenberg Glusker Fields Claman & Machtinger LLP
Engels Law APC

# <u>**EXHIBIT 2**</u>

**Engagement Letter**

(See attached)

**KELLER BENVENUTTI KIM LLP**
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

KBK | KELLER BENVENUTTI KIM
www.kbkllp.com

October 26, 2026

VIA EMAIL ONLY

315 South Beverly Drive, LLC
315 S. Beverly Dr., Suite 404
Beverly Hills, CA 90212
Attn: Richard Ackerman

Re: Chapter 11 Retention of Keller Benvenutti Kim LLP

Dear Richard:

This letter confirms the scope, terms and conditions of our engagement by 315 South Beverly Drive, LLC (the "Debtor"). The scope of our services is described in paragraph 1 below. Thank you for retaining Keller Benvenutti Kim LLP ("KBK," "we" or "us") in this engagement and for your consideration and cooperation concerning the matters covered in this letter. This letter agreement replaces and supersedes our engagement agreement dated October 1, 2026, and shall be effective as of October 8, 2026 (the "Petition Date").

1. Scope of and Limitations on Engagement and Client Relationship

You have retained us to represent the Debtor as general bankruptcy counsel in reviewing the prospect of, preparing for, and filing of a chapter 11 case in the United States Bankruptcy Court (the "Bankruptcy Court"); and to continue to represent the Debtor in those matters in which we are already doing so (the "Related Matters"), all as will be more fully disclosed in our retention application before the Bankruptcy Court. In performing the services described here, our sole client will be the Debtor. While our services and advice may benefit or otherwise affect other affiliated persons or entities, we are not agreeing to represent, and are not entering into an attorney-client relationship with, any affiliates of the Debtor, or any directors, equity owners, officers, or employees of the Debtor, or any of its affiliates. We are also not agreeing by this letter to represent the Debtor in any proceedings before a court, arbitration panel, or any other formal or informal tribunal or decision-making body or governmental agency other than the Bankruptcy Court, courts hearing appeals therefrom, and courts with jurisdiction over the Related Matters.

Any new or expanded engagement beyond that described above, including the representation of any additional persons or entities, or the agreement to expand the subject of our representation or the scope of our services, will require a new and separate agreement. We understand that you have advised, or will advise, other involved parties that this representation is only of the Debtor and that this engagement does not include any undertaking by KBK to represent any of them or create any attorney/client relationship between KBK and any of them.

2. Staffing

I will have primary responsibility for this engagement, and will be assisted by such other KBK lawyers and service personnel as we deem appropriate from time to time in order to provide high-quality services in a cost-efficient manner.

3. Potentially Adverse Representations or Conflicts of Interest

We have performed a conflict check[1] and determined, except as set forth in this section, we presently have no matters or relationships that would pose a conflict with you or the other parties you have identified.

It is possible that during the time we are working for you, an existing or future client may seek to engage us in connection with an actual or potential transaction, or a pending or potential litigation, or another dispute resolution proceeding in which such client's interests are, or potentially may become, adverse to your interests. Should such a situation arise, we would be unable to take on the adverse representation without obtaining your informed consent, and you have the right to withhold your consent. Should we request you to consent to an adverse representation, you agree to consider our request with an open mind in good faith so long as the subject matter of the proposed adverse representation is not substantially related to this engagement. Under the applicable legal ethics rules, you will nevertheless retain the right to decline our request for any reason, or for no reason. In the same vein, as a matter of professional responsibility, we may be unable to, or may elect not to, represent you in commencing litigation against a then-current client.

4. Fees and Disbursements

Our fees are generally determined by the time devoted by each lawyer or other service provider involved in the engagement and the hourly billing rates assigned to each such person. My current hourly rate is $1,000 per hour, while other lawyers likely to assist have rates ranging from $575 per hour to $1,200 per hour. We reserve the right to use those other attorneys should we determine that such assistance would be efficient. Our hourly rates are revised periodically, typically effective January 1, and we reserve the right to revise them from time to time during our representation of the Debtor. We will submit periodic billing statements, typically monthly, which will be payable in the first instance from the retainer as discussed in paragraph 5 below, and will be an obligation of the Debtor to the extent the retainer funds are insufficient or otherwise unavailable to pay them. Unless we specifically agree, any fee estimate that we may provide is not a commitment to perform the services within a fixed time or for a fixed fee. Should the Debtor file a bankruptcy case, payment of our fees will be subject to order of the court handling the matter.

In addition to our fees, we expect our clients to defray certain costs and expenses incurred during our representation of them. Please note that although our charges for non-cash costs incurred by KBK reflect our good faith estimate of our actual, fully absorbed, out-of-pocket costs, those estimates may differ from our actual costs. Normally, disbursements and charges will be subject to reimbursement from you in the regular billing cycle. In some circumstances, however, such as in the case of particularly large expense items, we may ask you to pay these items directly or in advance.

[1] Attached as Exhibit A are the names we have checked against our existing and past representations.

5. Advance for Fees and Expenses

As a condition to our obligation to perform services under this letter agreement, you have provided us with an "evergreen" retainer in the amount of $400,000, $60,065 of which was withdrawn on account of fees and expenses incurred through the Petition Date. The remaining retainer will serve as an advance payment and security for our fees and expenses; it will be deposited upon receipt into, and held in, our trust account. We will be authorized to apply these funds immediately prior to the commencement of the Bankruptcy Case, to pay the full estimated amount of our then-accrued but unpaid fees and expenses, with the objective of paying all pre-petition fees and expenses as of the commencement of the Bankruptcy Case. Any excess payment of pre-petition fees and expenses shall be credited against our post-petition fees and expenses.

We will be authorized to apply such funds to current fees and costs as incurred, subject to bankruptcy law limitations. At the conclusion of KBK's representation or as otherwise directed by the Bankruptcy Court or other court with jurisdiction over the Bankruptcy Case, the advances will be applied against our then-unpaid fees and expenses. To the extent applicable, Rule 1.8.1 of the California Rules of Professional Conduct requires that we disclose that such interest could be deemed adverse to you by virtue of our ready access to funds in which you have a direct interest for purposes of enforcing our fee and expense claims, that you may seek the advice of an independent lawyer of your choice, and that you consent to our taking such interest in the advanced funds. By executing this letter, you are giving your knowing and voluntary consent to our taking this advance.

We will refund to you at the conclusion of our engagement any portion of the funds on deposit in excess of our outstanding unpaid fees (including any portion of our fees that are then disputed and the amount of any fees and expenses expected to be incurred prior to the termination of our retention).

6. Bankruptcy Case

Our employment by the Debtor will be subject to the approval of the Bankruptcy Court. If necessary, we will modify the terms and conditions of our employment described above as may be required to comply with the applicable requirements of the bankruptcy process, including any orders of the Bankruptcy Court.

7. Respective Responsibilities of Attorney and Client

The Debtor agrees to cooperate fully with KBK in connection with our representation of the Debtor by providing KBK with information relevant to this engagement and by making the Debtor's representatives reasonably available for consultation and interviews to the extent necessary. We will keep you informed of developments as necessary to perform our services and will consult with you to ensure the timely and efficient completion of our work.

As with every KBK engagement, our representation will be conducted in accordance with the highest legal and ethical standards governing the practice of law. The Debtor has the right to terminate our services at any time upon written notice. The Debtor agrees to pay for all services rendered and costs or expenses paid or incurred prior to the date of such termination.

We will also have the right to withdraw from this representation if the Debtor fails to comply with this agreement, if any fact or circumstance arises that would render our continuing representation unlawful or unethical, or for any other reason for which withdrawal is authorized or required under

applicable law or rules of professional conduct, including the Debtor's refusal to cooperate with us or to follow our advice on a material matter. In the event of our withdrawal, the Debtor agrees to pay for all services rendered and costs or expenses paid or incurred prior to the date of such withdrawal.

8. Miscellaneous Issues.

a. Procedures upon Termination. Unless previously terminated, our representation of you will terminate upon our sending you our final statement for services rendered in this matter. In that case, or otherwise at your request, any papers and property sent by you to us will be returned to you. Our own files pertaining to the matter, including lawyer work product and administrative records, as well as document copies, will be retained by KBK in accordance with our document retention policy. All documents retained by us will be transmitted in the ordinary course to the person responsible for administering our records retention program. Subject to our obligations under applicable bar requirements, we reserve the right to destroy or otherwise dispose of any documents or other materials, including electronic versions, retained by us after the termination of the engagement.

b. Publicity. We are required to and will keep confidential any of your confidential information obtained in the course of our representation of you in the same manner and with the same degree of prudence as we keep our own confidential information. If and when our retention by you becomes a matter of public record, we reserve the right to identify you as a client in connection with our web site and similar disclosures regarding its experience and practice areas.

c. Audit Letter Issues. In responses to any of your requests to provide information to your auditors, our policy is to comply with the American Bar Association Statement of Policy Regarding Lawyers' Responses to Auditors' Requests for Information regarding the scope and content of such responses, except when such Policy is clearly inapplicable.

9. Governing Law

The laws of the State of California, without regard to conflict of law rules, shall govern the interpretation of this agreement.

Please sign and return to us a copy of this letter in order to confirm that it accurately reflects the scope, terms and conditions with respect to this engagement. If you would like to discuss any of these matters, please give me a call.

With best regards,

KELLER BENVENUTTI KIM LLP

By ______________________
Jeremy V. Richards

The foregoing is agreed and accepted.

**315 South Beverly Drive, LLC**

**By: 315 South Beverly Holdings, LLC, its sole member**

Name: Richard Ackerman
Title: Authorized Signatory